**SO ORDERED.**

**SIGNED this 07 day of February, 2007.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| JOHN MARK STRICKLAND<br>CHARLENE SMITH STRICKLAND | 06-01512-8-RDD |
| DEBTORS | |

**ORDER DISALLOWING CLAIM**

The matter before the court is the objection of the debtors to the proof of claim filed by Citifinancial Auto Corporation ("Citifinancial") in this case. A hearing was held in Fayetteville, North Carolina on February 1, 2007. The debtors represent to the court that all interested parties were served with a copy of this objection to claim, and no responses were filed.

The debtors filed a voluntary petition pursuant to chapter 13 of the Bankruptcy Code on May 23, 2006. Thereafter, Citifinancial filed a proof of claim with the trustee in the amount of $1623.64 in arrearages, secured by a motor vehicle. Citifinancial is the assignee of Transouth Financial Corporation ("Transouth"), which is listed as the first lienholder on the certificate of title to a 1989 Dodge truck owned by Mr. Strickland. The debtor represents that he paid the loan by Transouth down to $500.00, at which

time the vehicle became inoperable. He then contacted Transouth to pick up the vehicle, but Transouth did not take possession. The debtor further represents that his last communication with Transouth was receipt of a letter from a representative of Transouth, dated December 27, 2002, indicating that the debtor's account balance was $936.32 at that time. The debtor has had no further communication with Transouth or Citifinancial regarding the account. The court has reviewed a copy of the contract between the debtor and Transouth, which was provided by Transouth at the time of the filing of its proof of claim. The contract was signed by both parties, but was not signed under seal.

North Carolina General Statutes § 1-52(1) sets the statute of limitations for a contract not signed under seal at three years. Transouth's last communication with the debtor was on December 27, 2002. The debtor did not respond to that communication. Therefore, Transouth had three years from December 27, 2002, or until December 27, 2005, to take action against the debtor for his breach of the contract. Transouth did not pursue such action. The debtors' petition was filed after the statute of limitations had expired.

Based on the foregoing, as a matter of law, the claim of Citifinancial is hereby **DISALLOWED**.

**SO ORDERED**.

**END OF DOCUMENT**